IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERARDO GARCIA, *pro se*

    Plaintiff,

v.                                            Civ. No. 24-00418 KG/DLM

JEFF PATTERSON,
CAPTAIN JESSIE RODRIGUEZ
and, CITY OF CARLSBAD, NM,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on Defendants Jeff Patterson, Captain Jessie Rodriquez, and City of Carlsbad, NM's Motion to Dismiss for Failure to State a Claim, filed on May 8, 2024. (Doc. 4). *Pro se* Plaintiff Gerardo Garcia filed his Response on May 24, 2024. (Doc. 8). Defendants filed their Reply on May 30, 2024. (Doc. 9). Having considered the briefing and applicable law, the Court grants Defendants' Motion.

I.   *Background*

    This case stems from an encounter between Mr. Garcia's wife, Nelda Garcia, City of Carlsbad (City) employee Jeff Patterson, and City Police Department Captain Jessie Rodriguez. (Doc. 1) at 5; (Doc. 4) at 1. On the morning of April 4, 2024, while Mr. Garcia was at work, he received a call from Mrs. Garcia. Mrs. Garcia informed him that Mr. Patterson and Captain Rodriguez were at their house "handing her some papers." (Doc. 1) at 5. At the time, the content of the papers was unknown. *Id.*

    During this encounter, Mrs. Garcia felt threatened due to the presence of police cars and police officers equipped with guns. *Id.* Mr. Garcia alleges that Mr. Patterson and Captain Rodriquez were harassing, threatening, and coercing Mrs. Garcia and the Garcia's grandson. *Id.*

1

At some point, Mr. Patterson and Captain Rodriguez allegedly told Mrs. Garcia that "they would be back on Monday to clean up [his] house." *Id.* Mr. Garcia alleges that these events occurred on his property despite the presence of "NO TRESPASSING SIGNS." *Id.* at 6

Based on these facts, Mr. Garcia filed this lawsuit in state court on April 9, 2024. *Id.* at 4. On May 1, 2024, Defendants timely removed this case to federal court. *Id.* at 1. Mr. Garcia appears to allege the following causes of action against Defendants: (1) a Fourth Amendment violation, (2) the tort of trespass under the Federal Tort Claims Act (FTCA), (3) inciting violence under "132.10", (4) harassment and stalking, and (5) a violation of 18 U.S.C. §§ 241 and 242. Defendants now move to dismiss all causes of action against them under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## II.   Legal Standards

As an initial matter, the Court notes that "[a] pro se litigant must 'follow the same rules of procedure that govern other litigants.'" *Mayfield v. Presbyterian Hosp. Admin.*, 772 Fed. Appx. 680, 685 (10th Cir. 2019) (citation omitted). That said, courts construe *pro se* litigants' pleadings liberally, holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023) (quoting *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991)). And while the Court does not act as an advocate for a *pro se* litigant, if it "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories…or his unfamiliarity with pleading requirements." *Id.* (citation omitted).

Nonetheless, the Federal Rules of Civil Procedure require that a complaint must be "plausible on its face" or else face dismissal under Rule 12(b)(6) for failure to state a claim upon

which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). To be plausible, the complaint must include well-pleaded facts that, taken as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 12(b)(6) requires a complaint set forth the grounds for relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a Rule 12(b)(6) motion, courts view "well-pleaded factual allegations in a complaint…in the light most favorable to the plaintiff." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Kerber v. Qwest Grp. Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011)).

*III.   Discussion*

For the reasons discussed, the Court concludes Mr. Garcia's complaint has failed to state a claim upon which relief can be granted. The Court addresses the parties' arguments and the five causes of action below.

First, Defendants argue that even taking Mr. Garcia's allegations as true, he fails to demonstrate a Fourth Amendment violation. (Doc 4) at 5. In Response, Mr. Garcia argues that the Fourth Amendment allows him to bar government officials from his property. (Doc. 8) at 4. The Court agrees with Defendants.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const., amend. IV. For Fourth Amendment purposes, houses "include a home's curtilage, and a home's 'front porch is the classic exemplar' of a curtilage." *United States v. Carloss*, 818 F.3d 988, 992 (10th Cir. 2013) (quoting *Florida v. Jardines*, 569 U.S. 1, 6–7 (2013)). Significantly, the Supreme Court and Tenth Circuit "expressly recognize[] that a police

3

officer, like any member of the public, has an implied license to enter a home's curtilage to knock on the front door, seeking to speak with the home's occupants. *Id.* (citing *Jardines*, 569 U.S. at 8). Moreover, "No Trespassing" signs do not, by themselves, revoke the implied license that an officer or other member of the public has to a enter a home's curtilage and knock on the front door. *Id.* at 995.

Here, Mr. Garcia alleges Mr. Patterson and Captain Rodriguez were at his property handing his wife some papers despite the presence of "No Trespassing" signs. (Doc. 1) at 5–6. There are no facts indicating Mr. Patterson or Captain Rodriguez did anything other than enter his home's curtilage. Instead of pointing to facts supporting a Fourth Amendment violation, Mr. Garcia cites *Colonnade Catering Corp. v. United States*, 397 U.S. 72 (1970), for the proposition that the Fourth Amendment allows him to bar government officials from his property. (Doc. 8) at 4. This argument is unavailing. As Defendants point out, the facts in *Colonnade Catering Corp.* are inapplicable to the facts in this case. Consequently, Mr. Garcia has not alleged facts necessary to maintain a Fourth Amendment violation. Because there is no underlying constitutional violation, Mr. Garcia's § 1983 claim fails as a matter of law.

Defendants provide an additional reason Mr. Garcia's 1983 claims must be dismissed: he improperly brings them on behalf of Mrs. Garcia. (Doc. 4) at 9. As the Tenth Circuit explained, "a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 199) (citing *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982)). Thus, to the extent Mr. Garcia brings a 1983 claim to vindicate Mrs. Garcia's civil rights, and he does not plausibly allege that his own civil rights were violated, then the § 1983 claim is also dismissed.

Second, Defendants argue that Mr. Garcia's trespass claim must be dismissed because, as just discussed, government officials and members of the public had an implied license to knock on Mr. and Mrs. Garcia's front door. Given the case law, the Court agrees and dismisses Mr. Garcia's trespass claim.[1]

Third, Defendants argue that Mr. Garcia's claim that they incited violence under Section 132.10 should be dismissed because: (1) Mr. Garcia failed to allege any facts supporting this claim; and (2) Section 132.10 appears to refer to the Village of Marblehead, Ohio's Code of Ordinances, which is inapplicable to this case. (Doc. 4) at 8. The Court agrees. There are no facts supporting Mr. Garcia's claim that Defendants incited violence, nor is an ordinance from a different city in a different state applicable to this case.

Fourth, Defendants argue Mr. Garcia's complaint fails to demonstrate Defendants committed the tort of harassment and stalking. Defendants' argument centers around the insufficient factual allegations contained within the complaint. (Doc. 4) at 8–9. While true, Mr. Garcia's harassment and stalking claim suffers from a more significant issue: the Court lacks jurisdiction to consider these claims. *See City of Roswell v. Smith*, 2006-NMCA-040, ¶¶ 10–12 ("The district court lacks jurisdiction to hear a criminal case brought by an unauthorized attorney.") (citations omitted).

Mr. Garcia's complaint indicates he brings a stalking and harassment claim under NMSA 1978, § 30-3A-2. Chapter 30 indicates harassment and stalking are criminal offenses and Mr. Garcia is not authorized to prosecute criminal violations. NMSA 1978, §§ 30-3A-2 to -3

---

[1] Defendants also argue that Mr. Garcia's trespass claim under the FTCA violation is inapplicable because Mr. Garcia has named only Mr. Patterson, Captain Rodriguez, and the City as Defendants—none of which are alleged to be federal employees. (Doc. 4) at 8. Mr. Garcia offers no argument in response. The Court agrees with Defendants: Mr. Garcia cannot maintain a trespass claim under the FTCA.

(1997, as amended through 2009); *see* NMSA 1978, § 36-1-19A (indicating who can represent the state or county in matters in which the state or county has an interest). Consequently, the Court cannot consider these claims and they must therefore be dismissed.

Finally, Mr. Garcia's 18 U.S.C. §§ 241 and 242 claims fail as a matter of law because these statutes do not provide a basis for civil liability. *Romine v. Big O Tires Corp. Headquarters*, 685 Fed. Appx. 516, 517 (9th Cir. 2017) (unpublished); *Beerbower v. United States*, 787 F.2d 588 (6th Cir. 1986) (unpublished).

IV.   *Conclusion*

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss and dismisses Plaintiff's complaint without prejudice.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE